**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 03-2847 T**
**(Judge Allegra)**

**H.J. HEINZ COMPANY AND SUBSIDIARIES,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**PLAINTIFF'S WITNESS LIST**

Plaintiff H.J. Heinz Company and Subsidiaries hereby submits its witness list, as prescribed by Appendix A, paragraph 15(a) of the Rules of the United States Court of Federal Claims. Plaintiff provided this list to Defendant at the meeting of counsel on October 19, 2005 in accordance with Appendix A, paragraph 13(b) of those Rules.

Plaintiff expects to call all of the following individuals as witnesses at the trial of this case. Except for Aiden Hatton, Jr., Plaintiff's expert witness, all of the following individuals will be testifying from personal knowledge about facts or events that are relevant to this case. Positions listed for those individuals are the ones that they occupied

during the period May, 1994 to May, 1995. Addresses and phone numbers are current ones.

1. John C. Crowe, then Director of the Tax Department of plaintiff, H.J. Heinz Co., whose current address is c/o H.J. Heinz Co., World Headquarters, 600 Grant Street, Pittsburgh, PA 15219, (412) 456-6065. Mr. Crowe may testify about any of the facts that figure in this case including, but not limited to, Heinz's stock repurchase program; the ownership, businesses, income and assets of HCC; HCC's state tax exposure; HCC's purchase of Heinz stock; HCC's sale of Heinz stock to Heinz and to AT&T Management Corp.; the objectives of these activities; the origins, terms and financial implications of the Convertible Note; the expectations of Heinz and HCC with respect to the Convertible Note; and other subjects addressed in defendant's depositions of Mr. Crowe on November 3, 2004 and September 7, 2005. Mr. Crowe is currently VP—Taxes of Heinz.

2. Leonard A. Cullo, then a senior lawyer in the Law Department of Heinz, whose current address is c/o H.J. Heinz Co., World Headquarters, 600 Grant Street, Pittsburgh, PA 15219 (412) 456-7856. Mr. Cullo may testify about Heinz's stock repurchase program; HCC's purchase and sale of Heinz stock in fiscal year 1995, including the reasons therefor and corporate and securities law and financial accounting ramifications thereof; Heinz's practice of registering for sale its stock held by affiliates; and the costs, timing, and mechanics of such registration. Mr. Cullo is presently VP—Treasurer of Heinz.

3. John Mazur, then Assistant Treasurer of Heinz, whose current address is c/o Carnegie Mellon University, 5000 Forbes Avenue, Pittsburgh, PA 15123, (412) 268-1980. Mr. Mazur may testify about Heinz's stock repurchase program—its purposes,

operation, participants, oversight, funding, and financial accounting. Mr. Mazur is presently Treasurer and Chief Investment Officer of Carnegie Mellon University.

4. Philip N. Darivoff, then a partner in the firm Goldman Sachs & Co., whose current address is c/o Goldman Sachs & Co., 85 Broad Street, 28th floor, New York, NY 10004, (212) 902-8426. Mr. Darivoff may testify about the relationship between Goldman Sachs on one hand and Heinz and HCC on the other; the work performed by Goldman Sachs on behalf of Heinz and HCC in 1994 and 1995, including the design of the Convertible Note and the sale of Heinz stock by HCC to AT&T Management Co.; the terms of the Convertible Note and their significance; the market for such securities; the value of the Convertible Note; and the advice given by Goldman Sachs to HCC in 1998 regarding conversion of the Convertible Note; and other subjects addressed in defendant's deposition of Mr. Darivoff on April 6, 2005. Mr. Darivoff is presently a Vice President of Goldman Sachs & Co.

5. Aiden Hatton, Jr., plaintiff's designated expert witness, whose current address is 1020 19th Street, N.W., Washington, D.C. 20036, (202) 530-5708. Mr. Hatton may offer opinion testimony on any of the subjects contained in his expert report: his agreement with the conclusions of Goldman Sachs set forth in that firm's letter of January 16, 1995; the value of the Convertible Note; and the fact that when the Convertible Note was issued, conversion by HCC was neither a foregone conclusion, nor could it have been forecast. In addition, Mr. Hatton may testify about convertible notes generally and the market for such securities.

Respectfully submitted,

s/ Clifton B. Cates ____________________

Clifton B. Cates
Attorney for Plaintiff

1700 Pennsylvania Avenue, N.W.
Sixth Floor
Washington, D.C. 20006
(202) 393-7600

Date: October 28, 2005

Of Counsel:

Ivins, Phillips & Barker Chartered
1700 Pennsylvania Avenue, N.W.
Sixth Floor
Washington, D.C. 20006
(202) 393-7600