**IN THE UNITED STATES COURT**

**OF**

**FEDERAL CLAIMS**

**No. 03-2847 T**
**(Judge Allegra)**

**H.J. HEINZ COMPANY**
**AND SUBSIDIARIES,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO AND MOTION TO EXCLUDE CERTAIN OF DEFENDANT'S TRIAL EXHIBITS**

PLAINTIFF H.J. HEINZ COMPANY AND SUBSIDIARIES HEREBY REPLIES to Defendant's Response to Plaintiff's Objections to and Motion to Exclude Certain of Defendant's Trial Exhibits filed November 14, 2005 ("Defendant's Response"). In support thereof, Plaintiff respectfully shows unto the Court as follows:

On October 28, 2005, as required by RCFC, App. A, ¶14(a)(3), Plaintiff filed Plaintiff's Objections and Motion to Exclude Certain of Defendant's Trial Exhibits ("Plaintiff Objections"). In large part Plaintiff made those objections so that it would not waive its right to object at trial

should the challenged documents actually be offered and should Defendant fail to justify their admissibility, which would be Defendant's responsibility as their proponent.

One of Plaintiff's objections is that certain documents pertaining to events occurring after April 1998 are legally irrelevant. The three transactions that comprise this case—Heinz Credit Company's ("HCC's") purchase of Heinz stock, the partial redemption of that stock from HCC, and the sale by HCC of the remaining stock—all occurred in 1994 and 1995. Defendant insists that the conversion of the convertible note into Heinz stock in April 1998 is also relevant. Plaintiff disagrees because it believes, and is prepared to prove, that when the convertible note was issued conversion was neither planned nor particularly likely.

Defendant goes even farther, however, and argues that evidence of intercompany transactions occurring *after* the conversion in 1998 are relevant as well. In attempting to justify this assertion, Defendant's Response focuses entirely on dividends paid by HCC to Heinz, including dividends paid after April 1998. According to Defendant, these dividends suggest that, if HCC had held the note to maturity in 2002 and received cash, it would have distributed the cash to Heinz. From this supposition, Defendant concludes that "HCC had no real choice but to convert the note to stock," and that the issuance of the note was a sham.

This argument is flawed on two levels. First, one must make a purely speculative assumption as to what HCC would have done with cash it never received. Even that assumption could be accepted, it would have no bearing on whether HCC did or did not intend to convert the note, much less whether HCC had a "real choice" in the matter. Consequently, Defendant's desire to make this argument is an insufficient reason to admit evidence of post-April 1998 events. All such evidence should be excluded.

Plaintiff objected to certain documents pertaining to Heinz Leasing Company ("HLC"), as irrelevant. HLC's sole function was to hold safe-harbor leases and HCC stock. Defendant's Response asserts that the merger of HLC into HCC in November 1995 prevented HCC from reviving its prior intercompany lending business. In this instance, Plaintiff respectfully suggests that the Court defer ruling on these objections until trial, when it can be determined whether Defendant still wishes to press this argument and offer supporting evidence.

Plaintiff also objected to certain draft documents as irrelevant and to certain other documents as potential hearsay evidence. Plaintiff realizes that the admissibility of these documents depends on the purpose for which they are offered, a point acknowledged in Plaintiff's Objections. Again, Plaintiff respectfully suggests that the Court defer ruling on these objections until it sees (1) whether Defendant offers the disputed exhibits at trial, and (2) whether Plaintiff repeats its objection in light of the purposes for which Defendant offers such exhibits.

Finally, Plaintiff's objection to the admissibility of certain documents on the ground that they have not been properly authenticated has been met with Defendant's promise to authenticate all such documents at the time of trial. If Defendant does so, then Plaintiff's objections will be moot.

WHEREFORE, Plaintiff prays that the Court sustain Plaintiff's Objections, as modified in this Reply.

Respectfully submitted,

s/ Clifton B. Cates ___________

Clifton B. Cates
Attorney for Plaintiff

1700 Pennsylvania Avenue, N.W.
Sixth Floor
Washington, D.C. 20006
(202) 393-7600

Date: November 23, 2005

Of Counsel:

Ivins, Phillips & Barker Chartered
1700 Pennsylvania Avenue, N.W.
Sixth Floor
Washington, D.C. 20006
(202) 393-7600