IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2847 T
(Judge Allegra)

H.J. HEINZ COMPANY AND SUBSIDIARIES,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

ADDENDUM TO DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION *IN LIMINE*

On December 6, 2005, the defendant filed a reply to plaintiff's objection to defendant's motion *in limine*. At page 9 of that reply, the defendant quoted a long portion from pages 181-82 of the opinion in *Bank of China, New York Branch, v. NBM LLC,* 359 F.3d 171 (2d Cir. 2004). Because of the quotation's length, the defendant omitted certain passages. Today the defendant's trial attorney received an e-mailed letter from plaintiff's counsel demanding that the defendant bring to the Court's attention some language from the opinion that the defendant omitted. The plaintiff's letter is filed along with this addendum. In the view of plaintiff's counsel, the language supports the plaintiff's position.

The defendant has agreed to bring to the Court's attention the portion of the opinion that the plaintiff insists upon. It follows here, with the underscoring added by plaintiff's counsel:

> To some extent, Huang's testimony was based on his perceptions. As a Bank of China employee, Huang was assigned to investigate defendants' activities at the tail-end of their scheme and after Bank of China stopped doing business with them. Huang's senior role at the Bank and his years of experience in international

> banking made him particularly well-suited to undertake such an investigation and was likely a factor in the Bank's decision to assign the task to him. The fact that Huang has specialized knowledge, or that he carried out the investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in international banking. "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his [] position in the business." Fed. R. Evid. 701 advisory committee's note.

*Bank of China*, 359 F.3d at 181 (plaintiff's underscoring).

Because the plaintiff's letter implies that the defendant's trial attorney purposely omitted the underlined language in order to mislead the Court,[1] the defendant must add the following explanation: The underscored language describes the kind of opinion testimony that courts have traditionally admitted from businessmen who develop a layman's understanding of the financial state of their businesses while operating those businesses. The defendant explained the exception at length, and quoted the underscored portion of the advisory committee's note to Fed. R. Evid. 701 (and more), at pages 6-7 of its reply. The defendant also explained why the exception does not apply to Philip Darivoff, who–unlike Mr. Huang–was hired expressly to develop an opinion, not to conduct an investigation or to undertake any other task in which he might incidentally develop an opinion.

As the defendant stated in its reply, it does not object to any testimony from Philip Darivoff that explains what he saw or did as a historical matter, provided that a layman could have done it. *See* Def. Reply at 3. But just as the second circuit objected to testimony by Mr.

---

[1] "Your incomplete quotation from *Bank of China* cannot have been accidental, because the omitted portion appears in the middle of the language you quote." Letter of Clifton B. Cates to Robert Stoddart (Dec. 9, 2005) at 2 (filed with this document).

Huang that was "rooted exclusively in his expertise in international banking," the defendant objects to any testimony from Mr. Darivoff that will be rooted exclusively in his experience in valuing securities–like his valuation of the Note. The defendant cannot understand why the plaintiff objected to omission of this language.

Respectfully submitted,

s/Robert Stoddart

ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440
E-MAIL: Robert.C.Stoddart@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

December 9, 2005