IVINS, PHILLIPS & BARKER
CHARTERED

1700 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-4723

TELEPHONE (202) 393-7600
FACSIMILE (202) 393-7601
FACSIMILE (202) 347-4256

IPB@IPBTAX.COM
WWW.IPBTAX.COM

H. STEWART DUNN, JR.
CARROLL J. SAVAGE
ERIC R. FOX
CAROL K. NICKEL
ALAN WINSTON GRANWELL
LESLIE JAY SCHNEIDER
ROBERT H. WELLEN
KEVIN P. O'BRIEN
JOSEPH DECARLO, JR.*
PATRICK J. SMITH
MICHAEL R. HUFFSTETLER
LAURIE E. KEENAN
JEFFREY E. MOELLER
STEVEN H. WITMER
ROSINA B. BARKER
WILLIAM L. SOLLEE, JR.
JODI H. EPSTEIN
ROBIN M. SOLOMON
ROBERT G. LORNDALE, JR.

DAVID D. SHERWOOD
H. CARTER HOOD
JENNIFER J. FINN
DANIELLE E. ROLFES
LISA MILOT
SARAH S. McGONIGLE
JONATHAN ZIMMERMAN*
VICTOR S. CHANG
JAMIE E. BROWN

JAMES S.Y. IVINS (1885-1960)
PERCY W. PHILLIPS (1892-1969)
RICHARD B. BARKER (1906-1988)

OF COUNSEL
JAY W. GLASMANN
STEPHEN N. SHULMAN
WILLIAM L. SOLLEE
DANIEL B. STONE
CLIFTON B. CATES III
ERIC D. CHASON

LOS ANGELES OFFICE
1925 CENTURY PARK EAST
SUITE 2140
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 551-6633
FACSIMILE (310) 551-1188

* NOT ADMITTED IN THE DISTRICT OF COLUMBIA

December 9, 2005

VIA E-MAIL

Robert C. Stoddart, Esquire
Justice Department (Tax)
Court of Federal Claims Section
555 4th Street, N.W., Room 8120
Washington, D.C. 20001

Re: *H.J. Heinz Company and Subsidiaries v. United States*

Dear Bob:

I had my first opportunity to study Defendant's Reply to Plaintiff's Objection to Defendant's Motion in Limine upon my return to work yesterday, and I was appalled by one part of it. Your reply relies on *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004) as authority for barring certain testimony of Philip Darivoff as impermissible expert testimony. In quoting from that case, however, you omit language that undercuts Defendant's position and directly supports Plaintiff's. What follows is the language from the text of the opinion that you chose to omit. The underscored language is that which directly supports Plaintiff's position that Mr. Darivoff may testify about his role in designing the Convertible Note notwithstanding his specialized knowledge:

> To some extent, Huang's testimony was based on his perceptions. As a Bank of China employee, Huang was assigned to investigate defendants' activities at the tail-end of their scheme and after Bank of China stopped doing business with them. Huang's senior role at the Bank and his years of experience in international banking made him particularly well-suited to undertake such an investigation and was likely a factor in the Bank's decision to assign the task to him. [**26] <u>The fact that Huang has specialized knowledge, or that he carried out the investigation because of that knowledge, does not preclude him from testifying pursuant to Rule</u>

> 701, so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in international banking. "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his [] position in the business." Fed. R. Evid. 701 advisory committee's note.

359 F.3d at 181.

Your incomplete quotation from *Bank of China* cannot have been accidental, because the omitted portion appears in the middle of the language you quote.

I expect you to file an addendum to your reply with the Court in which you provide the complete, unexpurgated quotation and specifically direct the Court's attention to the underscored language, noting that it support Plaintiff's position. If you do not do so by tomorrow morning, I will raise the matter with the Court.

Sincerely,

Clifton B. Cates