# In The United States Court of Federal Claims

No. 03-2847T

(Filed: December 20, 2005)

---

H.J. HEINZ COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

A pretrial conference was held in this case on December 16, 2005. Participating in this conference were Clifton Cates, on behalf of plaintiff, and Robert Stoddart, on behalf of defendant. Pursuant to the discussion held at that conference, the court orders the following:

1. Trial will commence at 10:00 a.m. on Wednesday, January 4, 2006, in Courtroom 6 at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Each subsequent day of the trial will begin at 10:00 a.m.

2. Counsel are instructed to tailor their proof to the legal issues in this case. The issues to be resolved during trial in this case generally involve the purposes and expectations underlying plaintiff's transaction, and whether it should receive the tax treatment desired by plaintiff or be disregarded as a sham and recharacterized for tax purposes.

3. On or before January 3, 2006, the parties shall file a joint stipulation of facts. In addition, before 9:00 a.m. on January 3, 2006, the parties shall provide to chambers, via fax (202-357-6498) or courier, a courtesy copy of the joint stipulation of facts.

4. At the conference, the court reviewed the parties' lists of potential witnesses. Based on the anticipated schedule, the parties are hereby instructed to have

adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

5. Regarding the handling of exhibits:

(a) At the beginning of trial, the parties shall supply six pre-marked copies of the exhibits they intend to offer in this case. The copies shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any other color. Each page of every exhibit shall be Bates numbered, or numbered with a comparable system, to allow for easy reference, and the spine of each binder shall identify its contents.

(b) It is the court's intention to admit, *en masse*, at the outset of trial, exhibits to which no objections will be raised. At that time, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time. The parties shall consult and, to the extent possible, avoid introducing duplicate exhibits.

6. Plaintiff's motion to exclude certain of defendant's trial exhibits filed October 28, 2005, is hereby **DENIED**. Plaintiff retains the right to object to these exhibits on the bases indicated, which objections the court will resolve at the appropriate time.

7. Regarding defendant's pretrial motions:

(a) Defendant's motion in limine to preclude testimony of Aiden Hatton in which he adopts the reasoning or conclusions of the Darivoff letter, or testimony concerning the value of the convertible note, filed November 14, 2005, is hereby **DENIED**. Defendant will have the opportunity to voir dire Mr. Hatton at trial, and the court will consider any objection raised on the basis that Mr. Hatton's testimony exceeds the scope of his expert report. Any such objections shall be raised with specificity.

(b) Defendant's motion in limine to preclude testimony of Philip Darivoff that relies upon scientific, technical, or other specialized knowledge, filed November 24, 2005, is hereby **DENIED**. At trial, the court will consider on a question-by-question basis any objection raised on the basis that Mr. Darivoff's testimony exceeds the permissible scope of lay witness testimony.

8. Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

9. The court will likely require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of the trial.

10. Counsel are reminded of the court's expectation that the direct examination of witnesses, particularly expert witnesses, shall be crisp and well-prepared.

11. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge